IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-436-BO

| DIERDRA A. BREWSTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE, | ) | |
| Defendant. | ) | |

This case comes before the court on five discovery motions by pro se plaintiff Dierdra A. Brewster ("plaintiff"): (1) two motions to limit access to plaintiff's medical records (D.E. 19, 21); (2) a motion to limit access to plaintiff's financial and bank records, plaintiff's mother, and, again, plaintiff's medical records (D.E. 25); (3) a motion for extension of time to produce a computation of the damages claimed (D.E. 20); and (4) a motion to redact purportedly confidential information in an exhibit to plaintiff's complaint (D.E. 31). Defendant North Carolina Department of the Secretary of State ("defendant") filed a response in opposition to the motions at D.E. 19 and 21. *See* Def.'s Mem. (D.E. 24). Plaintiff filed a reply (D.E. 36). For the reasons and on the terms set forth below, the motion for extension (D.E. 20) will be allowed and the remaining motions will be denied.

I.  **BACKGROUND**

This employment discrimination case was commenced by plaintiff on 7 September 2018. Compl. (D.E. 1). In her complaint and attached exhibits, plaintiff alleges that defendant discriminated against her on the basis of her age and religion, and retaliated against her for filing an earlier Equal Employment Opportunity Commission ("EEOC") complaint. *Id.* §§ II, III.D;

EEOC Inquiry Information (D.E. 1-1) 3. As relief, she seeks recovery of lost wages and benefits, and the "value of emotional distress since 2010," estimated to total $500,000.00. Stmt. of Claim (D.E. 1-2 at p. 2).

A Scheduling Order (D.E. 28) was entered on 5 December 2018. Plaintiff filed a motion (D.E. 29) to appeal and amend the Scheduling Order, which was denied. 13 Feb. 2019 Ord. (D.E. 39). The Scheduling Order provides for discovery to close on 30 April 2019. Sch. Ord. ¶ 1.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and requests for admission. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW,

2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

### III. ANALYSIS

#### A. Motions for Limitation of Discovery (D.E. 19, 21, 25)

As noted, in three of her motions, plaintiff seeks collectively to limit access to her medical records, bank and other financial records, and mother. *See* D.E. 19, 21, 25. In substance, these are motions for a protective order under Rule 26(c).

The motions are premature. There is nothing before the court to demonstrate that defendant has sought production of her medical, bank, and other financial records or access to her mother. *See* Fed. R. Civ. P. 26(c)(1) ("A party or any person *from whom discovery is sought* may move for a protective order . . . ." (emphasis added)); *Williams v. Baltimore Cty. Gov't*, No. CV JKB-17-0066, 2017 WL 5593173, at *1 (D. Md. 25 Apr. 2017) (denying as premature motion for protective order filed before discovery had occurred), *appeal dismissed*, 696 F. App'x 105 (4th Cir. 2017).

In addition, the motions do not contain the certification required under Rule 26(c)(1) "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The fact that plaintiff is proceeding pro se does not excuse her from compliance with this requirement and all other rules, all orders, and all additional provisions of law applicable to this proceeding. The omission of the certification in these three motions alone subjects them to summary denial. *See Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

These motions also fail on the merits based on the sparse record presently before the court. By seeking damages for emotional distress, plaintiff has placed her health in issue. In light of this consideration, among others, she has not shown that discovery of her medical records can properly be limited to the extent she seeks. *See Benjamin v. Sparks*, No. 4:14-CV-186-D, 2017 WL 1497930, at *2 (E.D.N.C. 26 Apr. 2017) ("Plaintiff has alleged emotional distress, mental anguish, and disability discrimination, as well as defamation regarding statements about his physical and mental health. Thus, Plaintiff's medical history—both physical and mental—is squarely at issue. Defendants are entitled to explore 'other potential causes' or diagnoses in Plaintiff's medical records."); *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-CV-08047, 2013 WL 1750464, at *2 (S.D.W. Va. 23 Apr. 2013) (compelling production of medical and psychological records in employment discrimination case where plaintiff alleged emotional distress as routinely required) (collecting cases). Similarly, plaintiff has not justified her proposed strict limits on discovery regarding her financial records or complete prohibition against contact with her mother.

Plaintiff's de facto motions for a protective order (D.E. 19, 21, 25) are accordingly DENIED. Such denial is without prejudice to plaintiff moving for a protective order in the future.

Any such motion must include the certification of conferral or attempted conferral with defendant under Rule 26(c)(1) previously discussed.

B.   **Motion for Extension of Time (D.E. 20)**

In her motion for extension, plaintiff seeks extension by at least 90 days from the time she filed her motion of the time to produce to defendant what the court deems to be the computation of her damages and related materials pursuant to Rule 26(a)(1)(A)(iii). Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring production of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered"). Defendant did not respond to this motion, and the court thereby considers defendant not to oppose it. Accordingly, plaintiff's motion for extension of time is ALLOWED. To the extent she has not already done so, plaintiff shall produce to defendant by 20 March 2019 the information and materials required by Rule 26(a)(1)(A)(iii).

C.   **Motion for Redaction (D.E. 31)**

As indicated, in her motion for redaction, plaintiff requests that a notary public number be redacted from one of the exhibits to her complaint. Plaintiff has not established that the information is of a confidential nature warranting redaction. Accordingly, plaintiff's motion for redaction is DENIED.

IV.  **CONCLUSION**

For the reasons stated and on the terms set forth above, IT IS ORDERED that plaintiff's motions seeking relief in the nature of a protective order (D.E. 19, 21, 25) are DENIED; plaintiff's

5

motion for extension of time (D.E. 20) is ALLOWED; and plaintiff's motion for redaction (D.E. 31) is DENIED.

SO ORDERED, this 6th day of March 2019.

_____
James E. Gates
United States Magistrate Judge