IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-436-BO

| | |
|---|---|
| DIERDRA A. BREWSTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )     O R D E R |
| | ) |
| THE NORTH CAROLINA DEPARTMENT | ) |
| OF THE SECRETARY OF STATE, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge James E. Gates. [DE 43]. On April 23, 2019, Judge Gates recommended that plaintiff's motion to compel [DE 38] be denied. For the reasons that follow, the M&R [DE 43] is ADOPTED and plaintiff's motion to compel [DE 38] is DENIED.

BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action in September 2018. Plaintiff alleges that defendant, her former employer, discriminated against her on the basis of her age and religion and retaliated against her for filing an Equal Employment Opportunity Commission (EEOC) complaint. Plaintiff styles her most recent motion a "Motion To Both Compel And Restrain Defendant Regarding Plaintiff's Constructive Separation." [DE 38]. Specifically, plaintiff requests that the Court require defendant to answer inquiries from plaintiff's potential future employers "with kindness, eagerness and warmth" and to provide the potential future employers with the date plaintiff began her employment and the date she "separated from working with the Defendant." *Id.* at 1–2. Plaintiff also requests that the Court require defendant to indicate to potential future employers that they would rehire her upon "mutual agreement," and asks the Court to restrain defendant "from making any tiresome sighs of disapproval, sounds of disgust or

statements (directly or indirectly) that would impact negatively and upon [her], (that is, her character, her professionalism, her skills, knowledge and her practical abilities)." *Id.* at 2.

In April 2019, Judge Gates entered the instant memorandum and recommendation (M&R), recommending that plaintiff's motion to compel be construed as a motion for a preliminary injunction and denied. [DE 43]. Plaintiff timely filed a 91-page response, in which she purports to "lay[] bare the atrocities" and "abominable mistreatment" she experienced during her time as defendant's employee, but makes no specific objection to the M&R. [DE 44].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Here, it is not clear that plaintiff has timely and specifically objected to any portion of the M&R. A court need not conduct *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

The M&R first finds that plaintiff's motion to compel is most accurately construed as a motion for a mandatory injunction, given that plaintiff seeks not to preserve the status quo but to affirmatively require defendant to take future actions. The M&R then finds that plaintiff has not demonstrated that she meets any of the four prerequisites for the awarding of such an injunction. Plaintiff makes no serious effort to argue either that her motion to compel should not be construed as a motion for a preliminary injunction. Rather, plaintiff begins by rebuking defendant for correctly citing the date that her motion to compel was docketed, then provides a list of eight family members who previously served in the U.S. military, and then reiterates at great length the factual nature of her dispute. Plaintiff only reaches the four requirements for an injunction after 50 pages of factual discussion, and even then presents mostly irrelevant arguments. As far as the Court can tell, plaintiff does not raise any specific arguments challenging the legal reasoning and conclusions of the M&R. Out of an abundance of caution, however, the Court will construe plaintiff's response as a timely and specific response to the M&R's findings as to the four requirements for an injunction and conduct *de novo* review.

To obtain a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Critically, each of these four requirements must be satisfied." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). A plaintiff can obtain an injunction only if "he demonstrates a clear likelihood of success on the merits, *and* the balance of equities favors him, *and* the injunction is in the public interest." *Id.* at 250 (emphasis in original).

Plaintiff has not demonstrated that any of the four requirements for a preliminary injunction are met. Other than her lengthy narratives, plaintiff provides no evidence in support of her claims of employment discrimination. While discovery is ongoing and plaintiff has the opportunity to obtain support for her claims, it would be premature for the Court to conclude that plaintiff is likely to succeed on the merits of any of her claims. Plaintiff has also failed to demonstrate a likelihood of irreparable harm if defendant is not ordered to refrain "from making any tiresome sighs of disapproval" and not ordered to respond to plaintiff's potential future employers "with kindness, eagerness and warmth." Indeed, as the M&R indicates on the basis of a sworn affidavit submitted by defendant, defendant already maintains a policy of providing neutral references for former employees whose departures were unfavorable. Plaintiff has not demonstrated that the balance of the equities are in her favor. Finally, plaintiff has not shown that the public interest weighs in favor of the injunction she requests. As such, plaintiff's motion to compel must be denied.

## CONCLUSION

The Court has considered the memorandum and recommendations of the magistrate judge in light of the applicable standards, including engaging in *de novo* review of those portions to which plaintiff filed specific objections, and finds that denial of plaintiff's motion to compel is appropriate. Accordingly, Magistrate Judge Gates's M&R [DE 43] is ADOPTED and plaintiff's motion to compel [DE 38] is DENIED.

SO ORDERED, this 5 day of June, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4