IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-436-BO

| | |
|---|---|
| DIERDRA A. BREWSTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| THE NORTH CAROLINA DEPARTMENT ) | |
| OF THE SECRETARY OF STATE, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's *pro se* motion for whistleblower protection. [DE 46]. The motion is ripe for disposition. For the reasons that follow, plaintiff's motion for whistleblower protection [DE 46] is denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action in September 2018. Plaintiff alleges that defendant, her former employer, discriminated against her on the basis of her age and religion and retaliated against her for filing an Equal Employment Opportunity Commission (EEOC) complaint.

In July 2019, plaintiff filed a document entitled a "Memorandum to Court Concerning Calculations of Expenses and Damages Entitled to Plaintiff *Pro Se* and Support Documents Thereof and to Notify of Additional Loss of Income Livelihood and Motion for Whistle Blower Protection," which the Court construes as a motion for whistleblower protection.

## DISCUSSION

The Court construes plaintiff's *pro se* filing as a motion for whistleblower protection. To the extent that plaintiff instead attempts to add new claims or allegations to her complaint, her motion is denied, as she has not obtained defendant's permission or leave from the Court pursuant

to Rule 15 of the Federal Rules of Civil Procedure and the deadline for amending or supplementing was nearly eight months ago.

North Carolina provides two avenues to whistleblower protection: the Whistleblower Act, N.C. Gen. Stat. §§ 126-84, *et seq.*, and the Retaliatory Discharge Act (REDA), N.C. Gen. Stat. §§ 95-240, *et seq.* Plaintiff cites only the REDA in her motion, but the Court finds that plaintiff is not entitled to protection under either statute.

First, to the extent that plaintiff relies on REDA for whistleblower protection, her motion is denied. REDA prohibits employers from discriminating against employees who, in good faith, file or threaten to file claims or complaints with respect to various laws, such as the North Carolina Workers' Compensation Act or the North Carolina Wage and Hour Act. The only "protection" that REDA provides is the right to file a civil action seeking damages for retaliatory employment discrimination. An employee must file a written complaint with the Commissioner of Labor within 180 days of the alleged violation and then, upon receiving a right-to-sue letter, can initiative a civil action within 90 days. N.C. Gen. Stat. §§ 95-242(a); 95-243. Plaintiff has not demonstrated that she filed any claim with the Commissioner of Labor, that she received a right-to-sue letter, or that the conduct that she complains of would even be actionable under REDA.

Second, to the extent that plaintiff relies on the Whistleblower Act, her motion is denied. The Whistleblower Act exists to "encourage State employees to report improper governmental activities and to protect them from retaliation for doing so." *Brown v. Dep't of Pub. Safety*, 808 S.E.2d 322, 324 (N.C. Ct. App. 2017). It imposes upon state employees a duty to report "evidence of activity by a state agency or state employee consisting of a violation of State or federal law, rule or regulation, fraud, misappropriation, substantial and specific danger to the public health and safety, and gross mismanagement, a gross waste of monies or gross abuse of authority." N.C. Gen.

2

Stat. § 126-84(a). As with REDA, the "protection" offered by the Whistleblower Act is the right to file a civil action for damages. N.C. Gen. Stat. § 126-87. But to bring such an action, an employee must first file an administrative claim before the Office of Administrative Hearings. *Brown*, 808 S.E.2d at 324 ("A career state employee must assert a Whistleblower grievance by filing a contested case in the OAH . . . ."). Plaintiff does not allege that she has filed such a claim and, as such, she is not entitled to any "protection" under the Whistleblower Act. Plaintiff's motion is, therefore, denied.

## CONCLUSION

For the above reasons, plaintiff's motion for whistleblower protection [DE 46] is DENIED.

SO ORDERED, this $\partial f$ day of August, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE