IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-436-BO

| | | |
|---|---|---|
| DIERDRA A. BREWSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE NORTH CAROLINA DEPARTMENT | ) | |
| OF THE SECRETARY OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for summary judgment. [DE 49]. Plaintiff moves to strike the summary judgment motion [DE 53], for leave to file excess pages [DE 57], and for a continuance to conduct discovery [DE 58]. For the reasons that follow, defendant's motion for summary judgment [DE 49] is GRANTED. Plaintiff's motions [DE 53, 57, 58] are DENIED.

## BACKGROUND

Plaintiff, born in 1960, is African American and a Jehovah's Witness. DE 51, ¶¶ 3–4. She worked for the North Carolina Department of the Secretary of State ("the Department") from early 2004 until February 2018. *Id.* ¶¶ 1–2; DE 55, ¶ 1. Plaintiff seems to have left the Department voluntarily, but she contends that she left because she could no longer tolerate the hostile work environment. DE 51, ¶ 2; DE 55 ¶ 2.

Plaintiff has filed four EEOC charges of discrimination: (1) one charge alleged adverse employment action based on sex, age, and in retaliation for her complaint about work conditions; (2) one charge alleged discrimination based on a disability and race; (3) one charge alleged adverse employment action based on religion, age, and for retaliation; and (4) one charge alleged religious discrimination. DE 51, ¶¶ 7–12. The EEOC dismissed at least three of four charges and issued

right to sue letters. *Id.* ¶¶ 7–11. The record is not clear as to what happened with the fourth charge. *Id.* ¶ 12. Plaintiff seems to dispute defendant's characterization of these charges, but the Court is unable to discern the precise nature of the dispute. DE 55 ¶¶ 7–12.

Proceeding *pro se,* plaintiff initiated this action against the Department in September 2018. Plaintiff's form complaint selects retaliation and discrimination based on religion and age as the basis for her suit. DE 1. Plaintiff attached a narrative explanation of her claims that exceeds one hundred pages. DE 1-10. The Court entered a scheduling order on December 5, 2018, which provided for discovery to close on April 30, 2019. DE 28. On August 30, 2019, defendant filed the instant motion for summary judgment. DE 49. Plaintiff moves to strike defendant's motion, for leave to file excess pages, and for a continuance of the discovery period. DE 53, 57, 58.

## DISCUSSION

Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The nonmoving party cannot rest on bare pleadings alone. *See id.*

In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there

must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The Court finds that there are no genuine issues of material fact and that defendant is entitled to summary judgment. Plaintiff brings clams for religious discrimination, age discrimination, and retaliation, but has failed to produce any evidence to survive summary judgment. The Court is unable to discern—using either plaintiff's lengthy attachment to her complaint, her opposition brief, or her statement of material facts—the facts that form the basis of her claims. From defendant's summary judgment brief and statement of material facts, the Court gathers that the religious discrimination claim has something to do with plaintiff's perception of the Department's policies regarding its holiday festivities and that the age discrimination claim involves plaintiff's perception that younger employees were afforded increased responsibilities. DE 50 at 6–9. The basis for the retaliation claim seems to be plaintiff's belief that the Department gave negative information about her to prospective employers. *Id.* at 10. Defendant has produced evidence about these policies supporting its assertion that they are not discriminatory. *Id.* at 6–9.

While *pro se* litigants are entitled to a certain amount of leniency from the courts, plaintiff's *pro se* status does not relieve her of the responsibility to state her claims with at least minimal clarity and produce evidence supporting those claims in order to survive summary judgment. *Erickson v. Pardus*, 551 U.S. 89 (2007). Plaintiff has produced neither direct evidence of

3

discrimination nor made a prima facie showing under the *McDonnell Douglas* framework. *See* DE 55, 56. The Court grants defendant's motion for summary judgment.

Motion to Strike

Plaintiff moves to strike defendant's summary judgment motion. DE 53. Defendant's motion was timely and complies with the Local Rules. Plaintiff's motion is denied.

Motion for Leave to File Excess Pages

Plaintiff has shown no cause as to why additional pages are needed for her memorandum in opposition to the summary judgment motion. Additionally, Local Rule 7.2(f) permits memorandum in opposition to be thirty pages in length. Plaintiff's memorandum is only twenty pages. With ten pages to spare, plaintiff's motion for additional pages is unwarranted. This motion is denied.

Motion for Continuance of Discovery

Finally, plaintiff moves to extend the discovery period under Federal Rule of Civil Procedure 56(f). DE 58. "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). Plaintiff appears to have satisfied the affidavit requirement. DE 58.

All discovery, with the exception of expert witness depositions, was due by April 30, 2019. Plaintiff did not file the motion to extend discovery until September 23, 2019. Plaintiff was given ample time between the Court's scheduling order in December 2018 and the close of discovery at the end of April 2019. Plaintiff made one attempt to obtain discovery, which was a Request for Admissions served on July 17, 2019, after the discovery period had already closed. Plaintiff was

not diligent in conducting discovery and additional time to oppose the summary judgment motion is not warranted. The motion is denied.

## CONCLUSION

For the above reasons, plaintiff's motions to strike [DE 53], for leave to file excess pages [DE 57], and to continue discovery [DE 58] are DENIED. Defendant's motion for summary judgment [DE 49] is GRANTED. The Clerk is DIRECTED to enter judgment in defendant's favor and close the case.

SO ORDERED, this __15__ day of December, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE